UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JADA FREEMAN, § § *Plaintiff,* § § v. § § PIVOTAL CONCEPTS INC., et al., § § *Defendants.* § § § | Civil Action No. 3:24-CV-1627-X |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Jada Freeman's motion to remand. (Doc. 3). Having considered the parties' arguments, the underlying facts, and the applicable caselaw, the Court **DENIES** the motion. (Doc. 3).

### I. Background

Freeman sued Defendants Pivotal Concepts Inc. and Sohail Hussain in Dallas County state court. She included four causes of action in her original complaint, including a Title VII claim. Because of the Title VII claim, the defendants removed this case on federal question grounds. Freeman now moves to remand this case back to state court.

### II. Legal Standard

If "the district courts of the United States have original jurisdiction," then a civil action filed in state court may be removed to the federal court embracing the

1

place where the action is pending.[1]  Federal courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.[2]  A federal question must "appear[] on the face of the plaintiff's well-pleaded complaint."[3]  To determine whether an action is removable, federal courts must consider the claims in the state court petition as they existed at the time of removal.[4]  Any ambiguity is "strictly construed in favor of remand."[5]

### III. Analysis

Freeman contends that this court does not have jurisdiction under the federal question doctrine because her pleadings did not assert a Title VII cause of action.  The Court disagrees.

Freeman's complaint alleges that Pivotal Concepts' owner consistently harassed Freeman, disparaging her with racial slurs.  These allegations make up a large portion of the complaint's factual allegations.  In her Causes of Action section, Freeman lists four claims, each formatted identically. The Title VII claim states:

> 5.6   *Title VII.* Plaintiff has filed a Title VII charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") based on race and gender bias. Plaintiff reserves the right to amend this Petition to assert claims under Title VII pending Plaintiff's receiving a right-to-sue letter from the EEOC.

---

[1] 28 U.S.C. § 1441.

[2] 28 U.S.C. § 1332(a)(1).

[3] *Smith v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 735 Fed. Appx. 848, 851 (5th Cir. 2018)

[4] *Id.*

[5] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

This, taken with the factual allegations in the complaint, alleges a Title VII violation.[6]

Freeman advances two arguments opposing this Court's jurisdiction.  First, she contends that she did not actually assert a violation of Title VII, but instead simply reserved the right to assert one later.  The stormtroopers on Tatoine bought a similar argument from Obi Wan: "These aren't the droids you're looking for."[7]

But the Court finds this argument unpersuasive.  Freeman's complaint asserts a violation of Title VII.  It includes a Title VII discrimination claim in her causes of action and makes factual allegations of discrimination by Pivotal Concepts and Hussain. The ultimate thrust of this is that the defendants discriminated against Freeman and therefore violated Title VII.  Freeman's qualifying language did not disclaim that assertion.  Rather, it simply reserved the right to assert the cause of action upon the issuance of the right-to-sue letter.

Other courts in this circuit have found that similar qualifying language does not prevent the Court from asserting federal question jurisdiction.[8]  For example, in *Mauritz v. Lynn*, the plaintiff's complaint made the following Title VII claim:

> 69. Nena [Mauritz] has filed a claim of discrimination with the EEOC but has not yet received her Right to Sue Letter.
> 70. Nena had asserted claims of discrimination and retaliation by the Clinic and Dr. Lynn.
> 71. Nena's claims submitted to the EEOC are not yet ripe for adjudication.

---

[6] *See Mauritz v. Lynn*, Civil No. 2:20cv184-HSO-JCG, 2020 WL 12948694, *3–4 (S.D. Miss., Dec. 10, 2020).

[7] Lucas, George, dir. Star Wars Episode IV: A New Hope. Twentieth Century Fox, 1977.

[8] *Id.*

3

> 72. Nena reserves the right to amend her complaint once the EEOC issues the right to sue letter to include any and all claims applicable to her charge of discrimination and harassment.[9]

The *Mauritz* court found that this qualifying language still "clearly plead[] [a] violation[] of . . . Title VII[,]" allowing the court to exercise jurisdiction over the case.[10] The Court agrees with *Mauritz*'s reasoning, and thus rejects Freeman's first argument.

Second, Freeman also argues the Court lacks jurisdiction because the EEOC has not yet issued the right-to-sue letter. Freeman contends that the letter is a condition precedent to the Court having jurisdiction. But this argument contradicts Supreme Court case law.[11] As the Supreme Court explained in *Fort Bend County. v. Davis*, "Title VII's charge-filing requirement is not of jurisdictional cast."[12] 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3) give federal courts jurisdiction over Title VII cases.[13] "Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription[.]"[14] Freeman's second argument falls flat.

Thus, the Court has jurisdiction over this case, making remand improper.

---

[9] *Id.*

[10] *Id.* at *3.

[11] *See Fort Bend Cnty., Tex. v. Davis*, 587 U.S. 541, 550–53 (2019).

[12] *Id.* at 550.

[13] *Id.* at 550–51.

[14] *Id.* at 551.

4

## IV. Conclusion

Accordingly, the Court **DENIES** Plaintiff's motion to remand. (Doc. 3).

**IT IS SO ORDERED** this 15th day of August, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE